## DAVE LESSER v. STATE.

No. A-5691. Opinion Filed April 9. 1927.
(254 Pac. 988.)

Mike Foster, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Leverett Edwards, Asst. Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county on a charge of shooting with intent to kill, and was convicted of the included offense of assault with a dangerous weapon, and was sentenced to serve a term of one year ond one day in the state penitentiary.

The prosecuting witness and the defendant resided on opposite sides of Twenty-Sixth Street South, Oklahoma City.  The prosecuting witness, H. M. Akers, lived with his family on the south side, and the defendant lived almost opposite, on the north side.  At the time of the trial the prosecuting witness was 51 years of age, and defendant 73 years of age.  Defendant had

a pile of rubbish and junk on the front of his premises, evidently unsightly and displeasing to prosecuting witness and his family. The conduct of prosecuting witness was irritating. They had had considerable quarreling, and the state of feeling was bad. At the time of the difficulty the prosecuting witness was doing some work on the highway abutting the defendant's property by putting brush in a rut, which, defendant considered, interfered with his ingress and egress to his premises. He came out and forbade this being done. There is some evidence that prosecuting witness applied to him some vile and opprobrious language. Defendant returned to his house, procured a pistol and returned, and ordered prosecuting witness to desist. Upon his refusal to do so, he shot and seriously wounded the prosecuting witness. Defendant testified that he went to the place and ordered prosecuting witness not to put the brush in so as to interfere with his approach from the street to his premises, and when he refused he went in and got his pistol, returned, and asked prosecuting witness to leave so they would have no trouble, and that prosecuting witness called him a vile name and ran towards him with a rake with which he was working, and that he shot him in his necessary self-defense.

The first assignment of error is that the court refused certain requested instructions of the defendant and failed to instruct all the law applicable to defendant's theory. Defendant made several requests for instructions touching the law of self-defense, which were refused by the court, but the substance of these requests was covered by the charge of the court, and the instructions as a whole fully and correctly covered the law of the case. The assignment is without merit.

It is further argued at some length that the verdict is incorrect in form and does not properly respond

to the issues in the case. An examination of the record, however, discloses that no objection was made to the verdict at the time it was returned, and no assignment of error on account of any defect or informality in the verdict was made in the motion for a new trial, and, giving a common sense consideration to the verdict, it is clearly apparent that the jury intended to and did find the defendant guilty of the included offense of assault with a dangerous weapon, with the intent to do bodily harm. It is well settled that technical rules of construction should not be applied to the verdict of a jury, and, where the meaning of the verdict can be determined by a reference to the record, it will be upheld, particularly where no objection is made to the verdict at the time it is received and no opportunity to correct an informality is given. There is no such informality as prejudices any substantial right of the defendant. Coleman v. State, 16 Okla. Cr. 579, 194 P. 282.

We are aware of the fact that a sentence of one year in the penitentiary for a defendant of the age of this defendant is a severe punishment, yet, in view of the whole record, it seems evident that the jury took this fact into consideration in its verdict, assessing the punishment at only one year.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.